WILLIAMS, Senior Circuit Judge,
concurring.
I concur, but note an anomaly and a distinction. The anomaly is between this case and ones like United States v. Simpson, 430 F.3d 1177 (D.C.Cir.2005). In the latter cases, where the district court chooses identical alternative sentences (both under the Guidelines and under an estimate of the likely outcome in the Supreme Court’s then-looming decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)), the defendant gets no new judicial consideration at all unless he persuades us that the judge’s mindset in imposing the alternative wasn’t close enough to what the Supreme Court prescribed in Booker. Here, by contrast, where the court imposed different sentences, the defendant gets at least the chance that the district court might grant a sentencing hearing, even though (so far as appears) the district court perfectly anticipated the nature of its post-Booker discretion.
The outcome in this case is driven, as the court’s opinion shows, by the principle that a sentencing court can impose only one judgment. But there may be other ways to skin the cat. Although there is a one-judgment principle, there appears to be no categorical rule against contingent or alternative judgments. In Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), for example, the Supreme Court reviewed the constitutionality of a criminal statute that required individuals who had not paid the fees or fines that were part of their sentences by the end of their prison terms to remain incarcerated until they had “worked off’ any outstanding balances at the rate of $5 per day. Id. at 236, 90 S.Ct. 2019-20. While disallowing such imprisonment where it would increase the term of imprisonment beyond the statutory maximum for the substantive *248 offense, the Court emphasized that its holding did “not deal with a judgment of confinement for nonpayment of a fine in the familiar pattern of an alternative sentence of ‘$80 or 30 days.’ ” Id. at 244, 90 S.Ct. at 2023.
The present case doesn’t involve a contingent or alternative sentence, as the court didn’t include the non-Guidelines sentence in the judgment. And sentence contingencies based on anticipated outcomes in Supreme Court decisions may, of course, pose different problems from contingencies based on the defendant’s conduct. But whatever those issues may be, our decision here doesn’t speak to the availability of such judgments to solve transition problems such as those posed by Booker/Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).